## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

-------------------------------------------------X

Lisa Weaver,

                Plaintiff,              Civil Action No.:_____

      against

                                        **COMPLAINT AND**
                                        **DEMAND FOR JURY TRIAL**

National Credit Adjusters,

                         Defendant.

-----------------------------------------------X

Plaintiff (hereinafter referred to as "Plaintiff"), by and through her attorneys, Fredrick Schulman & Associates, Attorneys at Law, brings this action to recover monetary damages, and declaratory and injunctive relief against, Defendant (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq*., commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

### PRELIMINARY STATEMENT

The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to

eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff is a natural person and a resident of the State of Ohio, Knox County.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief, Defendant is a limited liability company organized under the laws of the State of Kansas with its principal office located at 327 West 4th Street, Hutchinson, Kansas, 67501.

6. Defendant regularly collects or attempts to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

7.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.     Upon information and belief, Plaintiff allegedly incurred a personal debt for a payday loan (referred to hereinafter as the "Alleged Debt").

9.     Upon further information and belief, the nature of the Alleged Debt is the type of debt the FDCPA was designed to regulate.

10.     In or around April 2014, Defendant commenced collection activities in an attempt to collect the Alleged Debt from Plaintiff.

11.     Defendant failed to send Plaintiff a validation notice within five (5) days of its initial communication with Plaintiff.

12.     On or about April 23, 2014, Defendant, contacted Plaintiff and threatened to file suit against her.

13.     During said communication, Defendant's agent claiming to be "with litigation", implied that the call was being made from an attorney's office.

14.     During said communication, Defendant also told Plaintiff that nonpayment of the Alleged Debt is a felony.

15.     During said communication, Defendant's agent threatened to initiate a law suit against Plaintiff within 24 hours if she failed to make a payment within that time.

16.     On or about April 24, 2014, Defendant called Plaintiff and told her that she would be served with legal documents.

17.　　In said call, Defendant instructed Plaintiff to be available with photo identification in order to receive service.

18.　　Upon information and belief, Defendant is not an attorney's office.

19.　　To date, no legal action has been taken by Defendant against Plaintiff.

20.　　Upon further information and belief, Defendant does not intend to take any legal action against Plaintiff.

21.　　 As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22.　　As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### FIRST CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692d

23.　　Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

24.　　Defendant's conduct violated 15 U.S.C. §1692d in that Defendant engaged in conduct which harassed, oppressed, and/or abused Plaintiff in attempting to collect the Alleged Debt.

25.　　As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

4

**SECOND CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e**

26.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27.     Defendant's conduct violated 15 U.S.C. §1692e, in that Defendant made false, deceptive, and/or misleading representations in connection with the collection of the Alleged Debt.

28.     As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**THIRD CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(2)(A)**

29.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30.     Defendant's conduct violated 15 U.S.C. §1692e(2)(A) in that Defendant falsely represented the character  and  legal status of the Alleged Debt.

31.     As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**FOURTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(3)**

32.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33.     Defendant's conduct violated 15 U.S.C. §1692e(3) in that Defendant falsely represented or implied that the communication was from an attorney.

34.     As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FIFTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(5)

35.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if the same were set forth at length herein.

36.     Defendant's conduct violated 15 U.S.C. §1692e(5), in that Defendant threatened to take action that cannot be legally taken or that is not intended to be taken when it threatened Plaintiff with a civil suit

37.     As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SIXTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(7)

38.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "37" herein with the same force and effect as if the same were set forth at length herein.

39.     Defendant's conduct violated 15 U.S.C. §1692e(7), in that Defendant stated or implied that consumer committed a crime or other conduct in order to disgrace consumer.

40.     As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### SEVENTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692g(a)

41.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "40" herein with the same force and effect as if the same were set forth at length herein.

42.     Defendant's conduct violated 15 U.S.C. §1692g(a), in that Defendant failed to send validation of the debt within five (5) days of its initial communication with Plaintiff.

43.     As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### .DEMAND FOR TRIAL BY JURY

44.      Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

 **WHEREFORE**, Plaintiff demands judgment from the Defendant, as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A);

C.   For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
         April 25, 2014

Respectfully submitted,


By:  _s/ Jordan Cushner_
**Jordan Cushner, Esq**.
Fredrick Schulman & Associates
30 East 29TH Street
New York, New York 10016
(212) 796-6053
info@fschulmanlaw.com
Attorneys for Plaintiff